FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

OSCAR MARTINEZ-RODRIGUEZ,

  Defendant-Appellant.

No. 09-2247
(D.Ct. No. 2:09-CR-02076-JAP-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant-Appellant Oscar Martinez-Rodriguez pled guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.

---

  [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 841(a)(1) and (b)(1)(C) and 846 and was sentenced to twenty-seven months imprisonment. On appeal, Mr. Martinez-Rodriguez contests the substantive reasonableness of his twenty-seven-month sentence, claiming the district court should have granted a variance under 18 U.S.C. § 3553(a), which requires his sentence be sufficient but not greater than necessary to achieve the statutory purposes of punishment. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Martinez-Rodriguez's sentence.

## I. Background

On April 23, 2009, United States Border Patrol agents arrested Mr. Martinez-Rodriguez, who is a Mexican citizen, and three other individuals in the desert near Hachita, New Mexico. At the time of their arrest, agents discovered five burlap backpacks containing 90.8 gross kilograms of marijuana. When questioned, all four of the individuals admitted to being citizens and nationals of Mexico who entered the United States illegally. In post-*Miranda* statements, Mr. Martinez-Rodriguez and the others arrested also admitted someone hired them to smuggle marijuana from Mexico into the United States. On July 22, 2009, Mr. Martinez-Rodriguez pled guilty, without benefit of a plea agreement, to one count of conspiracy to possess with intent to distribute marijuana.

After Mr. Martinez-Rodriguez pled guilty, a probation officer prepared a

presentence report calculating his sentence under the applicable 2008 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). In calculating Mr. Martinez-Rodriguez's sentence, the probation officer set his base offense level at twenty-four, pursuant to U.S.S.G. § 2D1.1(c)(8) of the Drug Quantity Table, because the instant offense involved at least eighty but less than 100 kilograms of marijuana. She decreased the offense level four levels, pursuant to § 3B1.2(a), because of his minimal role in the offense as a courier who lacked knowledge of the entire scope of the conspiracy, and three levels, pursuant to § 3E1.1, for acceptance of responsibility, for a total offense level of seventeen.

In assessing Mr. Martinez-Rodriguez's criminal history, the probation officer included three points for a prior second-degree murder conviction, resulting in a criminal history category of II. With respect to that conviction, background information revealed that on February 26, 1998, Mr. Martinez-Rodriguez was charged with second-degree murder in Cook County, Illinois, for beating a man to death with a metal pipe, but found unfit for trial, resulting in his involuntary committal until January 30, 2004, when the court found him competent to stand trial. On October 19, 2004, Mr. Martinez-Rodriguez pled guilty to the second-degree murder charge and received a sentence of thirteen years and three months imprisonment with credit for 2,427 days time served. A few days later, on October 22, 2004, he was paroled to the custody of the

Immigration and Customs Enforcement Agency, which deported him to Mexico on November 5, 2004.

A total offense level of seventeen, together with a criminal history category of II, resulted in a recommended Guidelines range of twenty-seven to thirty-three months imprisonment. The probation officer also pointed out that the maximum statutory penalty for the offense was twenty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). In assessing Mr. Martinez-Rodriguez's criminal history, the probation officer did not include criminal history points for his other Cook County, Illinois arrests, which included two instances of alleged battery, two arrests involving criminal trespass, one instance of domestic battery, two charges of theft, one charge of disorderly conduct, and one charge of illegal possession of marijuana. Mr. Martinez-Rodriguez was arrested but never convicted of these charges; all but two charges were "stricken off with leave to reinstate," and in the other two, "no further action [was] taken." Finally, the probation officer stated she considered Mr. Martinez-Rodriguez's criminal and social history, details of the instant offense, and the factors in 18 U.S.C. § 3553(a), and determined no circumstances took him out of the heartland of cases of similarly-situated defendants to warrant a variance.

Prior to sentencing, Mr. Martinez-Rodriguez filed a sentencing

memorandum, arguing certain circumstances warranted a downward variance under 18 U.S.C. § 3553(a), which requires his sentence be sufficient but not greater than necessary to achieve the statutory purposes of punishment.[1]  In support, he argued a sentence within the Guidelines range would cause him to receive a sentence higher than similarly-situated defendants, including two of his co-defendants who received eight-month sentences for the same offense, and did not take into account his second-degree murder conviction, which was laden with documented mental health issues.  At his sentencing hearing, Mr. Martinez-Rodriguez renewed the same arguments in support of a downward variance, arguing mitigating circumstances existed because:  (1) a Guidelines-range sentence would be far greater than two of his co-defendants who, unlike him, qualified for the fast track program because they did not have a similar murder charge; (2) he had no other convictions other than his murder conviction; (3) and an incompetency determination surrounded his murder charge, to which he voluntarily pled guilty.  After the district court adopted the unopposed findings of fact in the presentence report and stated it had read Mr. Martinez-Rodriguez's motion for a downward variance, it denied the variance, accepting the government's argument his murder conviction took him out of any fast track

---

[1]  While Mr. Martinez-Rodriguez states that "specific evidence" provided with his motion for a variance supported his motion, he has not provided on appeal any indication of what "specific evidence" he presented.  As a result, we decline to speculate as to the evidence allegedly presented.

opportunity, as compared with the other defendants who did not carry a similar conviction, and that any competency issues concerning his murder conviction could have been raised at a trial with a defense of insanity, instead of his pleading guilty. The district court also explained Mr. Martinez-Rodriguez's criminal history category of II under-represented his criminal history given his similar prior marijuana possession charge and numerous other serious charges involving battery, disorderly conduct, criminal trespass, and theft. Finally, the district court explicitly stated it had considered the sentencing factors in 18 U.S.C. § 3553(a) and determined a twenty-seven-month sentence in this instance was "sufficient, but not greater than necessary, to comply with that statute." Accordingly, it imposed a sentence, at the low end of the Guidelines range, of twenty-seven months imprisonment.

## II. Discussion

Mr. Martinez-Rodriguez now appeals his twenty-seven-month sentence by renewing his argument it is substantively unreasonable because the district court should have granted a variance under 18 U.S.C. § 3553(a), which requires his sentence be sufficient but not greater than necessary to achieve the statutory purpose of punishment. In making his argument, he again claims the sentence imposed caused him to receive a higher sentence than similarly-situated defendants, including two of his co-defendants, and that his "documented mental

health issues" involved with his murder conviction warrant a lesser sentence. The government opposes the appeal, arguing a twenty-seven-month sentence is reasonable based on Mr. Martinez-Rodriguez's history, which included murder by violent attack with a metal pipe, and the need to protect the public from any future crimes. It also argues: (1) the nature of the instant offense involving drug trafficking is a serious crime; (2) his mental health issue surrounding his prior murder conviction should not qualify as a valid basis for a downward variance; and (3) any challenge to his Illinois murder conviction should be brought in an Illinois state court or through federal habeas review. Finally, it states no sentencing disparity exists with other similarly-situated defendants, as: (1) two other defendants charged in the instant offense received eight-month sentences because, unlike Mr. Martinez-Rodriguez, they did not have prior criminal records and qualified for and received downward departures under the fast track early disposition program; and (2) the other defendant in the instant offense received a higher sentence of forty-one months because his criminal history category of VI was higher than Mr. Martinez-Rodriguez's category of II.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a

sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. "A challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804. The § 3553(a) sentencing factors include not only "the nature of the offense" but the history and "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006); 18 U.S.C. § 3553(a). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "[W]hether any such disparity justifies a sentencing variance in a given case raises a separate question ... of substantive reasonableness ...." *Smart*, 518 F.3d. at 805. In reviewing the substantive reasonableness of a sentence, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them" but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 808 (quotation marks and citations omitted). Ultimately, as Mr. Martinez-Rodriguez suggests, the sentence must be sufficient but not greater than necessary to comply with the statutory purposes of the punishment. *See* 18 U.S.C.§ 3553(a).

Finally, if the sentence is within the correctly-calculated Guidelines range, we may apply a presumption of reasonableness. *Kristl*, 437 F.3d at 1053-55. The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *Id.* at 1054-55.

In this case, the record on appeal and appeal briefs demonstrate Mr. Martinez-Rodriguez does not contest the procedural reasonableness of his sentence but only the substantive reasonableness based on the district court's application of § 3553(a). However, the district court explicitly stated it weighed each of the circumstances presented in conjunction with the § 3553(a) factors in determining whether to grant a variance. This included, in part, its consideration of Mr. Martinez-Rodriguez's history and characteristics, including his prior murder conviction, the mental capacity issue raised in conjunction with that conviction, and his multiple arrests, as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering these factors, it is clear the district court determined a variance was not warranted, in part, because Mr. Martinez-Rodriguez's criminal history of multiple arrests was not included in the calculation of his sentence and the other defendants involved in the instant offense received different sentences because their criminal history

differed dramatically from Mr. Martinez-Rodriguez's. As the government points out, the cases Mr. Martinez-Rodriguez relies on in support of his disparity argument and a variance involve instances, unlike here, where the co-defendants' criminal records or other circumstances did not differ substantially from the defendant challenging his sentence and receiving a variance. As to any mental competency issues involving his murder conviction, the Illinois court determined Mr. Martinez-Rodriguez was competent to stand trial, after which he decided to plead guilty to the crime of second-degree murder rather than go to trial and raise an insanity defense or contest or appeal the competency determination or his conviction. As to the nature of the instant offense, conspiracy to possess with intent to distribute marijuana is a serious offense, as demonstrated by the fact the statutory maximum penalty is twenty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). We also note that Mr. Martinez-Rodriguez was deported following his murder conviction and at the time of his arrest for the instant offense admitted to entering this country illegally, which is also a serious crime the district court could consider under the § 3553(a) factors.

Finally, in considering the applicable factors, the district court explicitly stated it believed the twenty-seven-month sentence in this instance was "sufficient, but not greater than necessary, to comply with that statute." As previously noted, we "give due deference to the district court's decision that the

§ 3553(a) factors, on a whole, justify the extent of the variance." *Smart*, 518 F.3d. at 808.  Moreover, nothing in the record or the circumstances presented suggests the district court abused its discretion in imposing a sentence, at the low end of the Guidelines range, of twenty-seven months, nor has Mr. Martinez-Rodriguez rebutted the presumption of reasonableness afforded his Guidelines sentence.

### III.  Conclusion

For these reasons, we **AFFIRM** Mr. Martinez-Rodriguez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge